IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

───────────────────────────────────────

THOMAS J. HICKEY,

    Plaintiff,

                              Civ. Action No.
                              3:09-CV-1307 (TJM/DEP)

    v.

ANNE C. MYERS, *et al.,*

    Defendants.

───────────────────────────────────────

ORDER

The confidentiality stipulation (Dkt. No. 41) executed by counsel for the parties in this action, a copy of which is attached to and incorporated herein by reference, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, is hereby approved, subject to the following qualifications:

    1)    Paragraph 9 of the stipulation is not approved.

    2)    Any party seeking leave to file with the court confidential information obtained during pretrial discovery and subject to this protective order must apply for and obtain court permission to file such information under seal.

    3)    Upon the filing of any such application, the court will make a

determination as to whether a sufficient showing has been made that the interests of parties in preserving the confidentiality of the information at issue sufficiently outweighs the public's interest in access to judicial documents in order to justify the requested sealing.

_David E. Peebles_
David E. Peebles
U.S. Magistrate Judge

Dated: December 21, 2010
Syracuse, NY

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

THOMAS J. HICKEY,

                                                  *Plaintiff*,            **Protective Order**
                                                                            09-CV-1307

-against-

                                                                                         TJM/DEP

ANNE C. MYERS, DONALD P. ZINGALE, and THE
STATE UNIVERSITY OF NEW YORK COLLEGE OF
AGRICULTURE and TECHNOLOGY AT COBLESKILL,

                                                                 *Defendants*.

---

       Pursuant to 26(c) of the Federal Rules of Procedure, it his hereby stipulated and agreed by and between the parties, through their respective counsel, as follows:

IT IS STIPULATED AND SO ORDERED:

      1. The terms and conditions of this Order shall govern all disclosure conducted in this action pursuant to the Federal Rules of Civil Procedure and all other information exchanged by the parties or by any third party in response to discovery requests or subpoenas.

      2. Subject to further order of the Court, the designation "CONFIDENTIAL" shall apply to protect the identities of all persons whose records are covered under the Federal Educational Rights and Privacy Act, the evaluations of Deans Burton and McCaskey, the identities of alleged harassers, victims and witnesses to alleged racial harassment or discrimination (other than the parties to this action), and materials designated by counsel as "CONFIDENTIAL" based upon a good faith belief that they encompass matters which should not be publicly filed with the Court pursuant to NDNY Local Rule 8.1.

3. Subject to further order of the Court, the designation "CONFIDENTIAL" shall not be applied to statistical data so long as such data does not contain any information from which the identities of particular persons could be obtained.

4. Nothing set forth in ¶ 2 herein shall preclude plaintiff from calling any person as a witness who is identified in any document marked as "CONFIDENTIAL."

5. Plaintiff and his counsel shall use such confidential information solely for the purpose of this action and solely to the extent necessary for the litigation of this action.

6. Plaintiff and his counsel shall disclose such confidential information only to the following persons:

   (a)   Full-time or part-time personnel employed to assist counsel in this action;

   (b)   Expert witness or advisors retained by counsel in connection with this action;

   (c)   Court reporters or stenographers engaged to record deposition testimony and their employees;

   (d)   Such other persons as hereafter may be agreed to by the parties in writing or authorized by the court; and

   (e)   The Court, under seal, upon a motion or at trial (see ¶9).

7. A copy of this Order shall be delivered to the plaintiff and to, each person within categories (a) - (d) of paragraph 3 to whom a disclosure of confidential information is made, at or before the times of the disclosure by the party making the disclosure or his counsel. The provisions of this Order shall be binding upon each such person to whom a disclosure of confidential information is made.

8. Each person to whom confidential information is disclosed shall keep such confidential information in a secure location to prevent unauthorized disclosure.

9.    If any confidential information which is disclosed pursuant to this Order is offered into evidence or otherwise disclosed at the trial of this action, the parties hereby jointly request that any portion of the trial transcript reflecting such confidential information and any documents received into evidence containing such confidential information shall be made a sealed record until further Order of the Court.  In any event, any pages of deposition testimony reflecting confidential information will be treated by the parties as confidential information under this Order.

10. Except as provided by paragraph 9 above, at the conclusion of this action, plaintiff and his counsel shall return the original and any and all copies of the confidential information to the Office of the Attorney General of the State of New York and no copies of said material shall be retained by plaintiff, his counsel, or other person named within categories (a) - (d) of paragraph 3 above.

11. This stipulation is binding on the parties to it as soon as it is signed by their Counsel regardless of whether it is signed by other counsel or so ordered by the Court.

12. The Magistrate retain jurisdiction to decide any dispute arising over whether any document was appropriately marked as "CONFIDENTIAL."

Dated: Albany, New York
       December 17, 2010

                                           s/ Thomas J. Marcelle
                                             Thomas J. Marcelle, Esq.
                                             2 E-Comm Sq., 3rd Floor
                                             Albany, NY  12207

Dated: Albany, New York
       December 17, 2010

                                           s/ Phillip G. Steck
                                             Phillip G. Steck, Esq.
                                             Cooper Erving & Savage LLP
                                             39 North Pearl Street
                                             Albany, NY  12207

Dated: Albany, New York
       December 17, 2010

                                             ANDREW M. CUOMO
                                             Attorney General of the State of New York
                                             Attorney for Defendants Anne C. Myers, Donald P.
                                                          Zingale and State University of New York at
                                                          Cobleskill
                                             The Capitol
                                             Albany, New York  12224-0341

                                             By: *s/James B. McGowan*
                                                   James B. McGowan
                                             Assistant Attorney General, of Counsel
                                             Bar Roll No. 507606
                                             Telephone: (518) 473-6522
                                             Fax:  (518) 473-1572 (Not for service of papers.)
                                             Email: James.McGowan@ag.ny.gov

Dated:                              , New York
        December 17, 2010

        SO ORDERED:

_____
        HON. DAVID E. PEEBLES
UNITED STATES DISTRICT COURT MAGISTRATE JUDGE